IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN NIGEL BRISKEN, #A0219610,<br><br>　　　　　Plaintiff,<br><br>　　　　vs.<br><br>DEP'T OF PUBLIC SAFETY, et al.,<br><br>　　　　　Defendants. | CIV. NO. 17-00029 DKW/KJM<br><br>DISMISSAL ORDER |

## DISMISSAL ORDER

Plaintiff John Nigel Brisken, who is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, filed this action on January 23, 2017, without submitting the filing fee or an in forma pauperis ("IFP") application. *See* Compl., ECF No. 1. Plaintiff alleges that SCC prison personnel violated his constitutional rights by denying him adequate medical care and subjecting him to other deficient conditions of confinement. Plaintiff names the Hawaii Department of Public Safety ("DPS"), the Corrections Corporation of America ("CCA"), DPS Health Care Administrator Wesley Mun, and SCC Assistant Warden Griego as Defendants in the Complaint's caption. He identifies several other SCC medical

and prison staff within the Complaint as personally involved in his claims.[1] This action is DISMISSED without prejudice for Plaintiff's failure to pay the civil filing fee or obey a court order.

## I. BACKGROUND

On January 23, 2016, the Court issued a Deficiency Order directing Plaintiff to submit the civil filing fee or an IFP application within twenty-eight days, on or before February 20, 2017. Order, ECF No. 3. Plaintiff was warned that failure to respond to the Deficiency Order would result in dismissal of this action. Plaintiff has neither filed an IFP application nor submitted the civil filing fee.

While awaiting Plaintiff's response to the Deficiency Order, the Court discovered that Plaintiff has a pending suit in the District of Arizona alleging nearly identical claims against some of the same defendants as in the present action.[2] *See Brisken v. Griego*, Civ. No. 16-02434-PHX-JJT (D. Ariz. filed June 20, 2016). The only discernible difference between these two actions is Plaintiff's

---

[1] Plaintiff generally identifies SCC "doctors, nurses, and staff" as denying him medical care, and specifically names SCC staff Dr. Beard, Officer Peel, Nurse Batterman, Lt. Burns, Dr. Beals, Nurse Patty Sells, and SCC Wardens Taylor, Griego, and Bradley. He also names Contract Monitor Beckler and Case Manager Scott Jinbo, although it is unclear where they reside.

[2] The court may "take notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

addition of Defendants DPS and Wesley Mun to this suit, presumably to assert venue in the District of Hawaii.

## II.  DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  An action may proceed without prepayment of the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Further, prisoners granted leave to proceed IFP are obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of the outcome of their suit.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.1986); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's

failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[3]

The Court considers five factors before dismissing a case:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Here, Plaintiff's failure to timely pay the civil filing fee or seek IFP status, the public's interest in expeditious resolution of this litigation, and the Court's interest in managing its docket weigh strongly in favor of dismissing this action.

Moreover, because Plaintiff is already pursuing relief on these same claims in the District of Arizona in Civ. No. 16-02434, and he can add Defendants Department of Public Safety and Wesley Mun to that suit, the public policy favoring disposition of cases on their merits is satisfied. Adding DPS and Mun to Civ. No. 16-02434 will also protect Plaintiff from paying *two* civil filing fees to litigate these claims. It is further clear that venue for Plaintiff's claims lies in the District of Arizona, where Plaintiff is incarcerated, the challenged events took

---

[3] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

place, and the individuals directly responsible for Plaintiff's claims reside.[4] Dismissing the action now prevents the inevitable dismissal for lack of proper venue. There is no prejudice to DPS and Mun in dismissing this action as they have not been served (and can be served in Civ. No. 16-02434). In light of these circumstances, dismissal without prejudice is the least drastic alternative and best option for Plaintiff.

Accordingly, this action is DISMISSED without prejudice for Plaintiff's failure to pay the civil filing fee or respond to a court order. The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: February 28, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*John Nigel Brisken v. Dep't of Public Safety, et al.*;
Civil No. 17-00029 DKW-KJM; **DISMISSAL ORDER**
*Brisken v. Dep't of Public Safety, et al.*, 1:17-cv-00029-DKW-KJM; Dismissal Order; Defc'y & Dsml Ords 2017

---

[4]Jurisdiction for civil rights actions is generally proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).